IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff/Respondent,**

v.                                                      No. CV 12-1179 WJ/LAM
                                                                   CR 10-1717 WJ

**CHARLES GUTIERREZ,**

       **Defendant/Movant.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant (hereinafter "Defendant") Charles Gutierrez' *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)*,[2] filed on November 9, 2012. In his motion, Defendant contends that, because his federal sentence was entered before his state sentence, and because his state and federal sentences are running concurrently, he should be serving his sentence in federal custody, not in state custody. *Id.* at 5-6, 14. Plaintiff/Respondent (hereinafter "the Government") filed a response to the motion on March 20, 2013. [*Doc. 7*]. No reply has been filed and the time for doing so has passed.

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-12-1179.

United States District William P. Johnson referred the claims raised in the motion to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 3*]. Having considered the parties' submissions, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-10-1717, the undersigned recommends, for the reasons set forth below, that the claims raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED** and that Case No. CIV-12-1179 be **DISMISSED without prejudice**.

### Factual and Procedural Background

On June 10, 2010, Defendant was charged by federal indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [*Doc. 2*, filed in Case No. CR-10-1717]. On April 8, 2011, Defendant entered into a plea agreement with the Government pursuant to which Defendant pled guilty to the charges in the indictment. [*Doc. 42*, filed in Case No. CR-10-1717, at 2]. The parties stipulated to a sentence of 180 months. *Id.* at 5. On June 27, 2011, Defendant was sentenced to 180 months imprisonment, followed by three years of supervised release. [*Doc. 46*, filed in Case No. CR-10-1717, at 2-3]. On August 10, 2011, after pleading guilty to four cases in state court, Defendant was sentenced to a total of twelve (12) years of imprisonment in those cases, and these sentences were to be served concurrently to the sentence imposed in Case No. CR-10-1717 in the United States District Court of New Mexico. *See* [*Doc. 1* at 15-18].

On January 4, 2012, Defendant filed a § 2254 motion in this Court alleging ineffective assistance of counsel and that the terms of the plea agreement in his state cases were not being implemented. [*Doc. 1*, filed in Case No. CIV-12-0013, at 5-6]. That case was dismissed on March 19, 2012. *See* [*Docs. 8* and *9*, filed in Case No. CIV-12-0013]. Defendant filed the motion

currently before the Court on November 9, 2012.  [*Doc. 1*].  The Court reviews Defendant's *pro se* pleadings under a liberal standard.  *See United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007).  However, the Court may not act as his advocate in this proceeding.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## **Discussion**

In his motion, Defendant states that he is filing a "Motion for 2255/2241" (*Doc. 1* at 5), and he contends that he should be serving his sentence in federal custody, not in state custody, because his federal sentence was entered before his state sentence, and because his state and federal sentences are running concurrently (*id.* at 5-6, 14).  The Government states that Defendant's motion "is properly construed as a Motion pursuant to 28 U.S.C. § 2255, because he alleges ineffective assistance of counsel."  [*Doc. 7* at 2].  The Government contends that Defendant's claims should be denied because: (1) they are untimely; and (2) Defendant fails to state a federal claim.  *Id.* at 2-4.

The Court first considers whether Defendant's motion should be construed as a § 2255 or § 2241 petition.  While the Government states that Defendant brings an ineffective assistance of counsel claim under § 2255, Defendant does not state in either of his grounds for relief that he is claiming ineffective assistance of counsel.  *See* [*Doc. 1* at 5-6].  Although the Government cites to this claim made by Defendant in his § 2254 case (Case No. CIV-12-0013), Defendant does <u>not</u> make this claim in his current motion.  *See* [*Doc. 7* at 3-4] (citing *Doc. 1* at 4).  Instead, in this case, Defendant contests the execution of his sentence, not the validity of his conviction.  Therefore, the Court finds that Defendant's motion should be construed as one under § 2241.  *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (explaining that a petition challenging the execution of a sentence rather than the validity of a conviction should be construed as a § 2241 petition instead of

a § 2254 or 2255 petition) (citation omitted); *see also United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion.") (citations omitted).

Because Defendant is currently confined in the District of New Mexico, the jurisdictional prerequisite for a § 2241 claim is met. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (explaining that a § 2241 petition must be filed in the district where the prisoner is confined). However, Defendant fails to state a viable claim that he is entitled to serve his sentence in federal custody instead of state custody because: (1) Defendant fails to show that he is not in federal custody just because he is currently physically placed in a state facility; and (2) the U.S. Bureau of Prisons has discretion over whether inmates are placed in federal or state institutions. This case is similar to the case of *Harvey v. Gallegos*, No. 08-3020, 290 Fed. Appx. 142, 143, 2008 WL 3861200 (10th Cir. Aug. 20, 2008) (unpublished), where Mr. Harvey, while serving a federal sentence, was later sentenced by a state court, and the U.S. Bureau of Prisons transferred him to a state department of corrections for concurrent service of his state and federal sentences. The Tenth Circuit explained that the Bureau of Prisons did not abandon custody of Mr. Harvey when it transferred him to state custody for service of his state and federal sentences, and that Mr. Harvey could not challenge the decision of the Bureau of Prisons regarding where he served his sentence. *Id.* at 144 (citing *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992) ("Under 18 U.S.C. § 3621(b), the Bureau of Prisons . . . may direct confinement in any available facility and may transfer a prisoner from one facility to another at any time. Moreover, state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution.") (citations omitted), and *United States v. McCrary*, 220 F.3d 868, 870-71 (8th Cir. 2000) (explaining that a federal prisoner

generally has no standing to challenge the Bureau of Prisons' decision to transfer him to state custody for concurrent service of federal and state sentences because "[t]he exercise of jurisdiction over [the prisoner] is solely a question to be determined between [the United States and the state] sovereignties, and is not subject to attack by the prisoner")).

Here, Defendant was committed to the custody of the U.S. Bureau of Prisons when he was sentenced in his underlying criminal case. *See* [*Doc. 46*, filed in Case No. CR-10-1717, at 2]. Defendant makes no showing that he is no longer in the custody of the U.S. Bureau of Prisons, even though he is physically in a state institution. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624."). In addition, Defendant's plea agreements and sentences in both his federal and state cases do not specify the location of where Defendant shall serve his sentences. *See* [*Docs. 42* and *46*, filed in Case No. CR-10-1717], [*Doc. 7-1* at 7-13], and [*Doc. 1* at 15-20]. While the Court in Defendant's federal criminal case <u>recommended</u> that Defendant serve his sentence in Oxford, WI, if he is eligible for that location (*Doc. 46*, filed in Case No. CR-10-1717, at 2), such a recommendation is not binding on the Bureau of Prisons and is, instead, merely a factor that the Bureau of Prisons considers in designating the place of the prisoner's imprisonment. *See* 18 U.S.C. § 3621(b)(4)(B); *see also Lanni v. Hollingsworth*, No. 11-3066-RDR, 2012 WL 523744, \*8 (D. Kan. Feb. 16, 2012) (unpublished) ("[T]he sentencing court's recommendation was not binding on the [Bureau of Prisons] because the authority to designate the place of a prisoner's confinement rests with the [Bureau of Prisons].") (citing 18 U.S.C. § 3621(b)). For these reasons,

Defendant's claim that he should be placed in federal custody and/or in a federal institution is without merit and should be denied.

To the extent Defendant seeks credit toward his federal sentence for time spent in service of his state sentence, Defendant must first exhaust his administrative remedies with regard to that claim. *See United States v. Dotson*, No. 11-6001, 430 Fed. Appx. 679, 684-85, 2011 WL 2714201 (10th Cir. July 13, 2011) (unpublished) (explaining that the petitioner, who was in state custody, was required to pursue available administrative remedies with the Bureau of Prisons before bringing a § 2241 petition regarding his claim that he should be awarded credit against his federal sentence for time spent in state custody). Determination of whether a non-federal institution will be designated for concurrent service of an inmate's federal and non-federal sentences is made by the Bureau of Prisons pursuant to its policies. *See* Bureau of Prisons Program Statement 5160.05 § 9, http://www.bop.gov/DataSource/execute/dsPolicyLoc (site last checked June 7, 2013) (explaining how the Bureau of Prisons determines whether an inmate who has been sentenced in both federal and state jurisdictions should be designated as a federal inmate in a non-federal institution). Defendant must exhaust these remedies even though he is currently in a state institution. *Id.* at § 9(b)(4)(b) (explaining that a request for credit toward a federal sentence for time spent in service of a state sentence can be made by an inmate "regardless of whether the inmate is physically located in either a federal or state institution"). Defendant has failed to show that he exhausted his administrative remedies with the Bureau of Prisons regarding credit towards his federal sentence for time served in a state institution, and the Court, therefore, finds that this claim should be denied without prejudice.

Finally, because the Court finds that Defendant has not exhausted his administrative remedies, the Court finds that there is no need to consider whether Defendant's claims are untimely because the one-year limitations period does not begin to run until the date Defendant's administrative remedies become final. *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (finding that 28 U.S.C. § 2244(d)(1)'s one-year limitations period applies to § 2241 proceedings, and that the period does not commence until the administrative proceedings become final).

### Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Defendant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)*, which the Court construes as a § 2241 Petition, be **DENIED**, and that Case No. CIV-12-1179 be **DISMISSED without prejudice**.

                                              _Lourdes A. Martinez_
                                              **LOURDES A. MARTINEZ**
                                              **UNITED STATES MAGISTRATE JUDGE**